fication of defendant by that witness, who is defendant's cousin, was merely confirmatory and thus exempt from the notice and hearing requirements of CPL 710.30 *(see, People v Rodriguez,* 79 NY2d 445). (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present —Denman, P. J., Green, Fallon, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN DOUGLAS, Appellant. (Appeal No. 1.) [625 NYS2d 780] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of grand larceny in the third degree (Penal Law § 155.35) and unauthorized use of a vehicle in the third degree (Penal Law § 165.05), arising out of the theft of a van.

At a suppression hearing, prior to trial, the prosecutor failed to offer any evidence of the complainant's identification of defendant on the day of the crime. Defense counsel requested that any identification testimony by the complainant be suppressed. The prosecutor responded that he did not intend to proffer any evidence of an identification procedure and that the complainant could identify only defendant's clothing. The suppression court denied defendant's motion.

We conclude that the court did not err in denying the motion because the People offered " 'resemblance' " testimony by the complainant, not " 'identification' " testimony *(People v Sanders,* 108 AD2d 316, 319, *affd* 66 NY2d 906). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Grand Larceny, 3rd Degree.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.

■ ANNE W. ULRICH et al., Appellants, v ONEIDA HORIZON REDEVELOPMENT CORP., Respondent. (Appeal No. 1.) [625 NYS2d 955] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Shaheen, J. (Appeal from Judgment of Supreme Court, Oneida County, Shaheen, J. —Summary Judgment.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.

■ ANNE W. ULRICH et al., Appellants, v ONEIDA HORIZON REDEVELOPMENT CORP., Respondent and Third-Party Plaintiff-Appellant. ESQUIRE MOTELS, INC., Third-Party Defendant-Respondent. (Appeal No. 2.) [625 NYS2d 767] —Appeal by plaintiffs unanimously dismissed without costs *(see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977) and order insofar as appealed from by third-party plaintiff modified on